```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

KAREN GILL, et al.,              *

     Plaintiffs,                  *

vs.                               *      CASE NO. 4:12-CV-77 (CDL)

KEVIN HARTSHORN, et al.,          *

     Defendants.                  *
```

O R D E R

Steve Thomas ("Thomas"), Wallace Whitten ("Whitten"), and Michael Gill ("Michael Gill") (collectively, "Intervenors") filed a Motion to Intervene in this action (ECF No. 50). The Defendants in this action do not oppose the motion to intervene. Plaintiffs, on the other hand, do oppose the motion to intervene. For the reasons set forth below, the Court grants the Motion to Intervene.

DISCUSSION

Thomas, Whitten, and Michael Gill seek to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, under Federal Rule of Civil Procedure 24(b)(1)(B). Plaintiffs assert that Intervenors have not demonstrated that the Court may exercise supplemental jurisdiction over their claims. Plaintiffs are concerned that that the intervention of Intervenors may negate jurisdiction over their state law claims. Therefore, the Court must determine as a threshold matter whether the Court

would have jurisdiction over Intervenors' claims if they were permitted to intervene.

Intervenors seek to be added as plaintiffs.  Intervenors do not assert federal question claims, so the Court does not have original jurisdiction over their claims against the Defendants under 28 U.S.C. § 1331.  The Court likewise does not have original jurisdiction over their claims against the Defendants under 28 U.S.C. § 1332 because there is not complete diversity of citizenship between Intervenors and the Defendants.  Intervenor Michael Gill and Defendants Dan Van Gasken and Loren Gill are all citizens of the state of Washington.  The remaining question is whether the Court has supplemental jurisdiction over the claims of Intervenors.[1]

In an action where the district court has original jurisdiction, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  This supplemental jurisdiction includes "claims that involve the . . . intervention of additional

---

[1] The Court notes that if Thomas and Whitten were the only parties seeking to intervene as Plaintiffs, then complete diversity of citizenship would exist.  Based on the allegations in Plaintiffs' Complaint regarding distributions made from the Cornerstone Trust, the amount in controversy exceeds $75,000.  See, e.g., Compl. ¶ 39, ECF No. 1.  Therefore, if Thomas and Whitten were the only parties seeking to intervene as Plaintiffs, then the Court would have original jurisdiction over their claims pursuant to 28 U.S.C. § 1332 and would not need to exercise supplemental jurisdiction over their claims.

parties." *Id.* It is clear, however, that where original jurisdiction is founded *solely* on 28 U.S.C. § 1332, "district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under [Federal Rule of Civil Procedure 24] or over claims by persons . . . seeking to intervene as plaintiffs under Rule 24." 28 U.S.C. § 1367(b).

Most of Plaintiffs' claims are state law claims. *See* Compl. ¶¶ 48-51, ECF No. 1 (theft by deception); *id*. ¶¶ 52-55 (theft by conversion); ¶¶ 56-59 (breach of fiduciary duty); ¶¶ 60-69 (fraud); ¶¶ 70-78 (Georgia RICO); ¶¶ 89-91 (construction and reformation of Gill Family Cornerstone Trust); ¶¶ 92-98 (injunctive and other equitable relief). Plaintiffs contend that jurisdiction for their state law claims exists under both 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Compl. ¶¶ 16-17. Plaintiffs do, however, assert one federal claim: a claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Compl. ¶¶ 79-88. In their Complaint, Plaintiffs contend that the Court has federal question jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ 15. This contention is presumably based on the federal RICO claim.

Given that original jurisdiction is not based solely on diversity of citizenship in this case, the Court may exercise supplemental jurisdiction over Intervenors' claims, but only if

3

the claims "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  In other words, Intervenors' claims must "arise out of a common nucleus of operative fact with" Plaintiffs' federal RICO claims.  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

This action concerns a trust formed by John Gill, the Gill Family Cornerstone Trust ("Cornerstone Trust"), as well as approximately three hundred single asset property trusts created by John Gill whose sole beneficiary is the Cornerstone Trust ("Single Asset Trusts").  In turn, the Cornerstone Trust has beneficiaries.  Plaintiffs contend that they are beneficiaries of the Cornerstone Trust.  Compl. ¶ 24.  Plaintiffs further contend that certain Defendants, including Dan Van Gasken, Kevin Hartshorn, and various entities under their direction, exercise operational control over the Cornerstone Trust and the Single Asset Trusts, including distribution of the income generated by the Single Asset Trusts.  *Id.* ¶ 34.  Plaintiffs allege that Van Gasken, Hartshorn, and the other Defendants developed a scheme to divert income from the Cornerstone Trust and Single Asset Trusts to themselves and other Defendants instead of distributing that income to the beneficiaries of the Cornerstone Trust.  *Id.* ¶ 35. The crux of all of Plaintiffs' claims, including Plaintiffs'

4

federal RICO claims, is that Defendants engaged in a scheme under which (1) they received improper distributions from the Cornerstone Trust and Single Asset Trusts, and (2) they made improper distributions from the Cornerstone Trust and Single Asset Trusts to other individuals and entities, including John Gill. *Id.* ¶¶ 37, 39-46.  Plaintiffs assert that Defendants accomplished this scheme largely by use of mail, telephone, and internet, including (1) communications by telephone and internet relating to the scheme, (2) payment by mail and wire of Cornerstone Trust and Single Asset Trust funds to (or on behalf of) individuals and entities who are not entitled to receive them, and (3) filing of false tax returns and reports by mail and wire.  *Id.* ¶¶ 38-39.

In their proposed Intervenor Complaint, Thomas and Whitten assert that they are trustees of the Cornerstone Trust and seek to represent the interests of the Cornerstone Trust.  Mot. to Intervene Ex. D, Proposed Intervenor Compl. ¶ 18, ECF No. 50-4.  Michael Gill alleges that he is an associate minister of the Healing Water Ministry of the International Academy of Life and that this ministry is a beneficiary of the Cornerstone Trust. *Id.* ¶ 14.  Michael Gill seeks to represent the interests of the Healing Water Ministry of the International Academy of Life.  Like Plaintiffs, Intervenors allege that Hartshorn and Van Gasken have improperly converted assets of the Cornerstone Trust for their own use. *Id.* ¶ 26.  And like Plaintiffs, Intervenors ask the Court to

5

order that Defendants return to the Cornerstone Trust any distributions they improperly made or received. *Compare id.* ¶ 27, *with* Compl. ¶ 98(C). Given that Plaintiffs' federal RICO claims and Intervenors' breach of trust claims arise out of the same alleged scheme by Defendants, the Court concludes that Intervenors' claims "arise out of a common nucleus of operative fact with" Plaintiffs' federal RICO claims. *Parker*, 468 F.3d at 743. Therefore, the Court has supplemental jurisdiction over Intervenors' claims.

The next question is whether Intervenors are entitled to intervene under Federal Rule of Civil Procedure 24(a)(2). Intervention as of right must be granted when the following four requirements are met:

> (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

*Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (internal quotation marks omitted). Here, Plaintiffs do not contend that the Motion to Intervene is untimely. Plaintiffs also do not deny that Thomas and Whitten claim to have an interest in the Cornerstone Trust, which is the subject of this action. Plaintiffs are skeptical that Michael Gill is a valid representative of a beneficiary of the Cornerstone Trust.

6

Plaintiffs cannot, however, seriously dispute that Michael Gill alleges that he is the valid representative of a beneficiary of the Cornerstone Trust, and the Court cannot decide the merits of Michael Gill's allegations at this stage in the litigation. Based on Michael Gill's allegations, the Court finds that Michael Gill has an interest relating to the Cornerstone Trust.

Plaintiffs do contend that disposition of this matter without Intervenors will not impede or impair Intervenors' ability to protect their interests, apparently because a decision in this action will not prevent Intervenors from asserting their claims for declaratory judgment and breach of trust in a separate action. It is clear, however, that if the Court were to proceed without Intervenors, then it may be more difficult for Intervenors to vindicate their rights in a separate action.

Plaintiffs also argue that Intervenors' interests are adequately represented by Plaintiffs, who allege that they are beneficiaries of the Cornerstone Trust. Plaintiffs, however, have taken the position that the Cornerstone Trust has only one trustee, Kevin Hartshorn. Compl. ¶ 28. This position is antagonistic to Intervenors' position that Thomas and Whitten *are* trustees of the Cornerstone Trust, so the Court cannot conclude that their interests are adequately represented by the Plaintiffs or by another party already in this action. Plaintiffs also take the position that the International Academy of Life has no

7

interest in the Cornerstone Trust.  Pl.'s Resp. to Mot. to Intervene 5, ECF No. 56.  This position is antagonistic to Michael Gill's assertion that the Healing Water Ministry of the International Academy of Life is the same thing as the Healing Water Ministry of the International Academy of Lymphology and is a beneficiary of the Cornerstone Trust.  Proposed Intervenor Compl. ¶ 14.  Therefore, the Court cannot conclude that Michael Gill's interests are adequately represented by the Plaintiffs or by another party already in this action.

Based on the above analysis, the Court finds that Thomas, Whitten, and Michael Gill meet the four requirements of Rule 24(a)(2).  Therefore, these individuals shall be permitted to intervene as Plaintiffs in this action.  The Court emphasizes that supplemental jurisdiction over Intervenors' claims is based solely on the existence of Plaintiffs' federal RICO claims.  If Plaintiffs' federal RICO claims are dismissed for any reason, then Intervenors will have to establish subject matter jurisdiction by some other method; if they cannot do so, then their claims must be dismissed.[2]

## CONCLUSION

As discussed above, the Court grants the Motion to Intervene (ECF No. 50), and the Intervenor Plaintiffs shall electronically

---

[2] As discussed *supra* note 1, if Thomas and Whitten were the only parties seeking to intervene as Plaintiffs, then the Court would have original jurisdiction over their claims pursuant to 28 U.S.C. § 1332.

file their Complaint within seven days of today's order. The Court instructs counsel for Intervenors to review the Joint Scheduling Order entered on August 24, 2012, as well as the Revised Discovery and Scheduling Order entered on February 1, 2013. Counsel for Intervenors shall confer with counsel for Plaintiffs and Counsel for Defendants regarding the feasibility of maintaining the current schedule in light of the intervention and shall file a status report within fourteen days of today's Order. If the parties decide that a modification of the Scheduling Order is necessary, they shall inform the Court and shall provide an amended proposed joint scheduling order. Given that the schedule has been in place since August of 2012 and that Intervenors knew or should have known about this action quite some time ago, the Court is unlikely to approve a lengthy extension of the discovery and dispositive motions deadlines.

IT IS SO ORDERED, this 19th day of February, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE