```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

KAREN GILL, *et al.*,              *

    Plaintiffs,                *

vs.                                *   CASE NO. 4:12-CV-77 (CDL)

KEVIN HARTSHORN, *et al.*,         *

    Defendants.                *

O R D E R

Plaintiffs Karen Gill and Lauren Gill ("Plaintiffs") and Defendants Kevin Hartshorn, Daniel Van Gasken, Eastern Property Development, LLC, and South East Enterprise Group, LLC (collectively, "SEE Defendants") agreed to a forensic examination of the financial records of certain entities whose property and assets are managed by one or more of the SEE Defendants. Plaintiffs contend that the SEE Defendants have not produced a significant number of documents that are relevant to the forensic examination. Accordingly, Plaintiffs filed a Motion to Compel (ECF No. 57), which is pending before the Court. As discussed below, the motion is granted.

DISCUSSION

The Joint Scheduling Order in this action states that "the discovery required includes an extensive and time consuming forensic examination of the financial records and other related

books and records of all trusts, accounts, and properties involved." Scheduling & Disc. Order 3, ECF No. 43. According to the Joint Scheduling Order, the forensic examination will be conducted by Robert Behar ("Mr. Behar") and members of his accounting firm. *Id.* The Joint Scheduling Order further states that the forensic examination will cover the period of 2005 to the present and that it "will include the financial books and records and related records of the Gill Family Cornerstone Trust, the individual single asset trusts, the Gill Companies, LLC, any other management company of the trusts during the examination period, and Defendants Eastern Properties Development, LLC and South East Enterprise Group, LLC." *Id.* at 3-4. To facilitate the forensic examination process, Mr. Behar prepared an Examination Protocol, and the parties agreed to comply with it. *See generally* Attach. 1 to Pls.' Mot. to Compel, Behar Decl. Ex. A, Examination Protocol, ECF No. 57-2 at 10-15.

Under the Examination Protocol, the forensic examination is to be conducted for "Gill Enterprises," which is defined as "Gill Family Cornerstone Trust (the 'GFCT'), each of the 220 Trusts listed in an attachment to the GFCT Agreement and related documents and any other trust of which the GFCT is a beneficiary." *Id.* ¶ A, ECF No. 57-2 at 10. The Examination protocol lists a number of "required records," which include,

among other things, bank statements, cancelled checks, deposit slips, check stubs, check copies, bank reconciliations, receipt records, tenant ledgers, invoices, contracts, and payroll records.  *Id.* ¶ D(1), ECF No. 57-2 at 11.  The Examination Protocol also states that Mr. Behar understood "that all rents and other income are deposited into Eastern Property Development bank account(s), that funds are transferred between Eastern Property Development and Southeastern Enterprises Group bank accounts, and that the rental proceeds from all real properties are utilized to pay expenses of all Gill Enterprises."  *Id.* ¶ D(8), ECF No. 57-2 at 11.

Plaintiffs contend that the SEE Defendants have not produced all of the documents required by the Examination Protocol.  Plaintiffs further assert that while the SEE Defendants provided Mr. Behar with online access to several closed banking accounts and have agreed to provide Mr. Behar with online access to open bank accounts, the SEE Defendants have failed to do so.  In response, the SEE Defendants appear to assert that they are excused from complying with the Examination Protocol because the Examination Protocol does not list them in the definition of "Gill Enterprises."  The SEE Defendants further argue "any effort by Plaintiffs to compel production from "Gill entities" is appropriate for third-party subpoenas, not a motion to compel against defendants in this case."  Opp'n

3

to Mot. to Compel 4, ECF No. 78.  This position is disingenuous. Defendant Kevin Hartshorn is the trustee of the Gill Family Cornerstone Trust.  The SEE Defendants have represented that Defendant Daniel Van Gasken is the primary trustee of the many single asset property trusts whose beneficiary is the Gill Family Cornerstone Trust.  Eastern Property Development, LLC ("Eastern Property") and South East Enterprise Group, LLC ("SEE") are the companies responsible for managing the assets and properties of the single asset property trusts whose beneficiary is the Gill Family Cornerstone Trust.  It is undisputed that before 2010, the Gill Companies managed the assets and properties of the single asset property trusts; in 2010, Eastern Property and SEE took over these management responsibilities.  Eastern Property and SEE occupy the offices previously occupied by the Gill Companies and kept many documents that had been created and maintained by the Gill Companies.  Under these circumstances, the Court sees no reason why the SEE Defendants should not be compelled to produce all of the documents in their possession, custody, or control that are "required documents" under the Examination Protocol.

The SEE Defendants also contend that they have produced all of the relevant documents in their possession, custody, or control.  Plaintiffs, however, assert that during the deposition of Marlene Blossfield ("Ms. Blossfield"), the office manager of

Eastern Property and SEE, Plaintiffs discovered that a number of documents on the "required documents" list existed and were in the possession, custody, or control of the SEE Defendants but had not been produced to Mr. Behar—in part, apparently, because the SEE Defendants' counsel did not ask Ms. Blossfield to produce them. Those documents include: Tenant Pro computerized records, including records from the updated database; tax documents, including 1099s and W-2s; payroll tax returns; lease records and other contracts; check and deposit payment history records, which are kept in binders; bank reconciliation documents; and correspondence related to the Gill Family Cornerstone Trust, the single asset property trusts, or any property or assets held by the single asset property trusts. These documents are certainly relevant to this action and should be produced for the forensic examination. If they have not already done so, the SEE Defendants shall produce these documents, including electronically stored documents, to Mr. Behar within seven days of the date of this Order.[1] According to Ms. Blossfield, the documents—especially the payment history binders and the bank reconciliation documents—have been kept in an organized manner. The Court expects that this is how they will be produced to Plaintiffs.

---

[1] If it is not possible for the SEE Defendants to meet the seven day deadline for electronically stored documents, then the parties shall confer and develop a mutually agreeable schedule for producing those documents.

5

Plaintiffs also point out that the SEE Defendants agreed to provide Mr. Behar with online access to certain bank records. In fact, the SEE Defendants did provide Mr. Behar with online access to three Bank of America bank accounts, but those accounts have been closed and moved to Wells Fargo. Though the SEE Defendants agreed to provide Mr. Behar with online access to the Wells Fargo accounts, they had not done so by the date of Plaintiffs' Motion to Compel. The SEE Defendants offered no compelling reason why the online access should not be extended to the new Wells Fargo accounts and any other bank accounts used by the SEE Defendants in connection with the single asset property trusts or the Gill Family Cornerstone Trust. Therefore, within seven days of the date of this Order, the SEE Defendants shall provide Mr. Behar with online access to all bank accounts that are (or were) used in connection with the single asset property trusts or the Gill Family Cornerstone Trust. Should the online access not provide sufficient information for the forensic examination, Plaintiffs may subpoena the relevant records from the banks.

CONCLUSION

For the reasons set forth in this Order, Plaintiffs' Motion to Compel (ECF No. 57) is granted, and the SEE Defendants shall provide the documents and access detailed above.

The Court should not have had to spend its time on this discovery dispute, which could have been avoided had the SEE Defendants engaged in a good faith attempt to resolve this matter with opposing counsel.  Although the Court declines to impose sanctions at this time, counsel is on notice that if this type of obstinate conduct recurs, sanctions will be immediate and severe.

IT IS SO ORDERED, this 15th day of March, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
