```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

KAREN GILL, *et al.*,            *

    Plaintiffs,               *

vs.                              *      CASE NO. 4:12-CV-77 (CDL)

KEVIN HARTSHORN, *et al.*,       *

    Defendants.               *

## O R D E R

This action presents a dispute regarding a number of trusts. Defendants Kevin Hartshorn and Daniel Van Gasken are trustees of the trusts and are responsible for managing the trust assets. Defendant Loren Gill and Intervenors Wallace Whitten, Steve Thomas, and Michael Gill filed a motion asking the Court to enjoin Hartshorn and Van Gasken from managing the trust assets and to appoint a receiver to manage trust assets. The motion (ECF No. 162) is denied at this time.

The Court in its discretion may appoint a receiver in appropriate circumstances. *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1292 (11th Cir. 1998). "A receiver is an extraordinary equitable remedy that is only justified in extreme situations." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993). "A receivership is only a means to reach some legitimate end sought

through the exercise of the power of a court of equity. It is not an end in itself." *Kelleam v. Md. Cas. Co.*, 312 U.S. 377, 381 (1941) (internal quotation marks omitted).  A court "should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief which is sought and which equity may appropriately grant."  *Id.*  "[F]actors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.  *Aviation Supply Corp.*, 999 F.2d at 316-17.

Here, a receivership is not appropriate at this time. First, the Court previously found that there are genuine fact disputes as to who the trustees of the various trusts are. *See, e.g., Gill v. Hartshorn*, No. 4:12-cv-77 (CDL), 2014 WL 29450, at *10 (M.D. Ga. Jan. 3, 2014).  Until those fact disputes are decided, it is unclear whether Loren Gill and Intervenors even have standing to seek appointment of a receiver.

Second, it is not clear from the present record that Loren Gill and Intervenors have valid claims against Hartshorn and Van Gasken.  In their motion to appoint a receiver, Loren Gill and Intervenors essentially ask the Court to decide as a matter of

2

law that Hartshorn and Van Gasken committed breaches of trust and should be removed from their positions immediately. But the deadline for dispositive motions is long past, and the Court declines to grant what amounts to an out-of-time summary judgment motion. The jury will have to decide whether Hartshorn and Van Gasken committed breaches of trust, and the Court will have to decide what remedy is appropriate in light of the jury's decision.

Until the factual questions discussed above are resolved, the Court declines to enjoin Hartshorn and Van Gasken from managing the trust assets, and the Court finds that it should not appoint a receiver at this time. The motion to appoint a receiver (ECF No. 162) is denied.

IT IS SO ORDERED, this 9th day of January, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE