IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KAREN GILL, *et al.*,                    *

    Plaintiffs,                      *

vs.                                      *       CASE NO. 4:12-CV-77 (CDL)

KEVIN HARTSHORN, *et al.*,               *

    Defendants.                      *

_____

O R D E R

After extensive litigation, this action has been narrowed to two main issues: (1) whether Elm Leasing and/or Loren Gill owe money to certain single asset property trusts that benefit the Gill Family Cornerstone Trust (or vice versa) ("Elm Leasing Claims"), and (2) whether Kevin Hartshorn, Dan Van Gasken, and entities they control mismanaged the Gill Family Cornerstone Trust and certain single asset property trusts that benefit it ("Trust Mismanagement Claims").  Presently pending before the Court is the Motion to Bifurcate filed by Elm Leasing, LLC, Loren Gill, Michael Gill, Steve Thomas, and Wallace Whitten (ECF No. 229).  All the parties to this action agree that the Court should hold separate trials of the Elm Leasing Claims and the Trust Mismanagement Claims.

For the reasons set forth at the pretrial conference on July 28, 2014, the Court construes the Motion to Bifurcate as a

Motion to Sever under Federal Rule of Civil Procedure 21.   The Motion to Sever is granted.   The Court will try the Elm Leasing Claims during its September trial term beginning September 2, 2014.

Over the course of the litigation, the parties' interests have shifted, so the Court, after consultation with counsel, realigns the parties for the Elm Leasing Claims as follows:

Plaintiffs: Lauren Gill, Kaitlyn Gill, and Dan Van Gasken (in his capacity as trustee for various single property asset trusts).

Defendants/Counterclaimants and Third Party Claimants: Loren Gill and Elm Leasing, LLC.

Counterclaim Defendant:  Dan Van Gasken.

Third Party Defendants: Kevin Hartshorn, Eastern Property Development, LLC, South East Enterprise Group, LLC, EPD 1 Holding Trust, EPD 2 Holding Trust, SEE Holding Trust, The Church of Compassionate Service, and The Compassionate Order of Service of The Church of Compassionate Service.

These Elm Leasing Claims will now proceed as a discrete action separate from the Trust Mismanagement Claims and will result in a separate and independent final judgment.   *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam).   Severance also requires the Court to reassess federal jurisdiction because "a severed action

must have an independent jurisdictional basis." *Honeywell Int'l, Inc. v. Phillips Petroleum Co.,* 415 F.3d 429, 431 (5th Cir. 2005). The Elm Leasing Claims are asserted in part as federal RICO claims, and therefore, the Court has subject matter jurisdiction over that action. The Trust Mismanagement Claims, however, do not arise under the laws of the United States, and it appears that the requirements of 28 U.S.C. § 1332 are not met for those claims. Thus, no independent jurisdictional basis exists for the Trust Mismanagement Claims. Accordingly, those claims, which consist of all of the remaining claims in this action other than the Elm Leasing Claims that have been severed, are dismissed without prejudice for lack of subject matter jurisdiction. And the present action will consist only of the Elm Leasing Claims.[1]

IT IS SO ORDERED, this 28th day of July, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The additional Motion to Bifurcate (ECF No. 239), which requests further bifurcation of the Trust Mismanagement Claims, is now moot.