```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

LAUREN GILL, *et al.*,            *

    Plaintiffs,              *

vs.                               *     CASE NO. 4:12-CV-77 (CDL)

LOREN GILL, *et al.*,             *

    Defendants.              *

                                   *

### O R D E R

Plaintiffs and third-party Defendant Kevin Hartshorn intend to use at trial excerpts of an audio recording of a conversation between Daniel Van Gasken, one of the Plaintiffs in this action, and Loren Gill, one of the Defendants in this action. Loren Gill and co-defendant Elm Leasing (collectively, "Elm Parties") filed a Motion in Limine (ECF No. 255) to exclude the audio recording excerpts. As discussed below, that motion is denied.

This action involves trusts that were settled by John Gill.[1] John Gill accumulated a considerable rental property portfolio and then placed each piece of property into a single asset property trust. The Gill Family Cornerstone Trust is the sole beneficiary of each single asset property trust. John Gill continued to manage the rental properties and the trusts until

---

[1] For a more detailed synopsis, see *Gill v. Hartshorn*, 4:12-CV-77 (CDL), 2014 WL 29450 (M.D. Ga. Jan. 3, 2014).

he became a fugitive in 2009.  Although John Gill attempted to manage the properties and trusts as a fugitive, it appears that he was unable to do so.  John Gill's former business associates now control the trusts, though John Gill's brother Loren Gill has allegedly tried to represent John Gill's interests.  Loren Gill's attempt to interfere with two management companies that currently manage the Cornerstone Trust rental properties gave rise to litigation that resulted in a verdict against Loren Gill.  The recorded conversation that is the subject of the pending motion in limine occurred during the pendency of that litigation.

The present action arises from activities related to Elm Leasing, which owns several rental properties in Columbus, Georgia.  Elm Leasing is owned by Loren Gill and was, for a time, managed by Hartshorn and Van Gasken.  The Elm Parties claim that Hartshorn and Van Gasken collected rent that was due to Elm Leasing and did not give it to Loren Gill.  Hartshorn and Van Gasken counter that John Gill and Loren Gill conspired to defraud Hartshorn and Van Gasken into diverting Cornerstone Trust assets to Elm Leasing.

The recorded conversation between Van Gasken and Loren Gill took place on June 29, 2011.  Van Gasken consented to the recording.  The Plaintiffs and third-party defendant Hartshorn seek to play several excerpts from the audio recording in the

2

trial of this action.  The excerpts generally relate to the relationship between Loren Gill and John Gill, the struggles John Gill faced when he became a fugitive, and John Gill's plans for regaining control of the trusts.  The excerpts reveal that Loren Gill was working with John Gill, that John Gill believed that Hartshorn and Van Gasken were stealing from him, that Loren Gill was trying to find a way to get money to John Gill, and that John Gill instructed Loren Gill to "burn" the company if Loren Gill could not find another solution, such as convincing Van Gasken to make Loren Gill a trustee of the single asset property trusts.

The Elm Parties contend that this evidence is not relevant to the claims in this action.  The Court disagrees.  The evidence is relevant to Plaintiffs' claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964.  Plaintiffs allege that Loren Gill conspired with John Gill to defraud Hartshorn and Van Gasken into diverting Cornerstone Trust assets and single asset property trust assets to Elm Leasing via the mail and wires. The audio recording excerpts are relevant as to whether a conspiracy existed and what motive Loren Gill had to engage in certain conduct.  Furthermore, the probative value of the audio recording is not outweighed by unfair prejudice and should not be excluded under Federal Rule of Evidence 403.

The Elm Parties argue that even if the audio recording excerpts are relevant, the audio recording contains settlement discussions that are not admissible under Federal Rule of Evidence 408.  The Court rejects this argument.  Rule 408 prohibits the admission of statements made during compromise negotiations of a claim "either to prove or disprove the validity or amount of a disputed claim."  Fed. R. Evid. 408.  The Rule is clear that there must be a disputed claim before Rule 408 applies.  *Id.; accord Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1354 (11th Cir. 2011).  The Rule protects evidence that someone offered "a valuable consideration in . . . attempting to compromise the claim" or evidence of "conduct or a statement made during compromise negotiations about the claim."  Fed. R. Evid. 408.  But not all evidence that relates to settlement negotiations is inadmissible.  Generally, the evidence is inadmissible if it is to be used for the purpose of proving or disproving "the validity or amount of a disputed claim."  *Id.*  "The court may admit this evidence for another purpose."  *Id.*

The audio recording here does not contain a negotiation about a disputed claim for Rule 408 purposes. On the recording, Loren Gill asks Van Gasken for something that Loren Gill wants but does not have—access to the trusts—even though he had no legitimate claim to such access.  In return, Loren Gill offers

4

not to follow John Gill's order to "burn down" the businesses by pursuing frivolous litigation or by other means.  A jury could conclude that Loren Gill was requesting a favor or that he was attempting extortion.  Either way, no reasonable person could conclude that Gill and Van Gasken were negotiating a disputed claim as contemplated by Rule 408.  Even if the audio recording did capture negotiations regarding a disputed claim in the previous litigation involving Loren Gill, Plaintiffs do not intend to introduce the recording to establish the validity or amount of those claims asserted in the earlier action, which have now been fully and finally adjudicated.  Rather, they intend to introduce the recording as evidence of Loren Gill's cooperation with John Gill.

    For all of these reasons, the Elm Parties' Motion in Limine (ECF No. 255) is denied.

    IT IS SO ORDERED, this 5th day of September, 2014.

s/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE
