```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

DANIEL VAN GASKEN,                *

    Plaintiff,               *

vs.                               *
                                           CASE NO. 4:12-CV-77 (CDL)

LOREN GILL and ELM LEASING,       *
LLC,
                                    *

    Defendants.
                                         *

O R D E R

Defendants Loren Gill and Elm Leasing, LLC seek to vacate the judgment entered against them based on Plaintiff Dan Van Gasken's failure to disclose relevant evidence that was available to Van Gasken prior to the trial. Because that evidence was cumulative to other evidence within Defendants' control, would likely not have made any difference in the outcome of the trial, and because there is no evidence that Van Gasken purposefully withheld the evidence in an attempt to gain an advantage in the litigation, the Court denies Defendants' motion to vacate the judgment (ECF No. 317) and for sanctions (ECF No. 318).

BACKGROUND

A jury determined that Defendants unlawfully took money that belonged to Van Gasken in his capacity as the trustee for multiple trusts that benefitted a trust known as the Gill Family

Cornerstone Trust. Based on the jury verdict, the Clerk of Court entered judgment in favor of Van Gasken and against Loren Gill and Elm Leasing. One of the central issues was whether Van Gasken, as trustee for real estate holding trusts whose beneficiary was the Cornerstone Trust, authorized payments of trust income to pay for properties that were titled to Elm Leasing. It was undisputed that certain properties were titled to Elm Leasing, that funds from real estate holding trusts were used to pay for those properties, and that trustee Van Gasken knew that trust money was used to pay for the properties. And, the parties stipulated that Loren Gill owned Elm Leasing.[1] Van Gasken asserted, however, that Loren Gill and his brother John Gill fraudulently concealed the ownership of Elm Leasing and led Van Gasken to believe that Elm Leasing was owned by a trust that benefitted the Cornerstone Trust rather than owned by Loren Gill personally. *See, e.g., Gill v. Gill*, No. 4:12-cv-77 (CDL), 2015 WL 631991, at *6 (M.D. Ga. Feb. 13, 2015). He also asserted that he would not have authorized the transfers if he had known that Loren Gill owned Elm Leasing. The jury found in favor of Van Gasken.

---

[1] In a prior action, Loren Gill presented documentary evidence that he is the sole member of Elm Leasing with all rights of ownership, and Van Gasken did not present any evidence to rebut it. *E. Prop. Dev. LLC v. Gill*, No. 4:11-CV-62 (CDL), 2012 WL 1424664, at *3 (M.D. Ga. Apr. 24, 2012). The Court thus determined that Loren Gill is the owner of Elm Leasing, LLC. *Id.* at *3-*4.

The present dispute that is the subject of Defendants' motions relates to when Van Gasken knew that Loren Gill was asserting ownership of Elm Leasing. Van Gasken asserts that he did not find out until the 2011 litigation that Loren Gill was claiming sole ownership of Elm Leasing.[2] Defendants contend, however, that they have now discovered "smoking gun" evidence proving that Van Gasken knew that Loren Gill was the owner of Elm Leasing before litigation began in the summer of 2011.[3] During discovery in a state court action, Van Gasken produced several emails in response to a request for communications between him and others on various topics:

a.  <u>September 2, 2009 Email.</u> An attorney wrote that he was "advised by Mr. VanGasken, that Loren Gill, Member of Elm Leasing, LLC" would convey certain proceeds to an entity called Surety Corporation of America. Kunkes Decl. Ex. 4, Email from Mike Joyner to Jacob Beil (cc: Dan Van Gasken), Sept. 2, 2009, ECF No. 317-3 at 60.

---

[2] Van Gasken still does not believe that Loren Gill is the sole owner of Elm Leasing. Rather, he contends that John Gill set up Elm Leasing so that Loren Gill would be the member manager, with no rights of ownership. Van Gasken acknowledges, however, that he did not present any evidence to rebut Loren Gill's documentary evidence when Loren Gill moved for summary judgment on the ownership issue in a prior action.

[3] Defendants contend that based on this evidence, it is clear that Van Gasken's claims are time-barred and that he authorized the transfers from the real estate holding trusts despite knowing that Loren Gill owned Elm Leasing.

b. September 3, 2009 Email. Van Gasken forwarded the September 2, 2009 Email to Russell. Kunkes Decl. Ex. 5, Email from Dan Van Gasken to russell@bailbonds.com, Sept. 3, 2009, ECF No. 317-3 at 62.

c. December 8, 2010 Email. Van Gasken sent an email stating that property titles to certain properties "are in Corporations and should go to trusts." Kunkes Decl. Ex. 6, Email from Dan Van Gasken to Jay Nicol *et al.*, Dec. 8, 2010, ECF No. 317-3 at 64. The email further states: "Several properties are titled under Elm Leasing, LLC (Loren Gill, member)." *Id.*, ECF No. 317-3 at 65.

Van Gasken did not produce these emails during discovery in this case.[4] During discovery in this case, Defendants requested all documents which pertain to or relate to Van Gasken's claims in this action. Van Gasken testified that he did not produce the emails in response to this request because by the time he filed his conversion claim and received a request for all documents related to that claim, the Court had already decided

---

[4] When counsel for Loren Gill and Elm Leasing asked Van Gasken during a 2011 deposition if he had located any documents that had to do with the ownership of Elm Leasing, Van Gasken answered that he had not. Defendants contend that this testimony was a deliberate lie. But at the hearing on Defendants' motion to vacate, Van Gasken explained that he looked for trust documents in his paper files to show ownership of Elm Leasing. Neither his own counsel nor counsel for Defendants asked him to do an electronic search of his email on the ownership of Elm Leasing, so he did not do so prior to the deposition. Based on this testimony, the Court cannot conclude that Van Gasken lied in response to the specific question he was asked during the 2011 deposition.

4

as a matter of law that Loren Gill was the sole owner of Elm Leasing. Van Gasken also testified that under John Gill's business model, the word "member" does not mean "owner." Rather, it simply means manager, so emails referring to Loren Gill as member of Elm Leasing do not establish that Van Gasken knew that Loren Gill was the sole owner of Elm Leasing. Finally, Van Gasken testified that he did not know that Loren Gill was claiming sole ownership of Elm Leasing until the prior litigation began in the summer of 2011.

## DISCUSSION

Loren Gill and Elm Leasing seek to vacate portions of the judgment under Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3). The Court addresses each issue in turn.

### I. Rule 60(b)(2) Analysis

Under Federal Rule of Civil Procedure 60(b)(2), the Court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be

5

material; and (5) the evidence must be such that a new trial would probably produce a new result." *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Van Gasken does not dispute that the three emails were newly discovered after the trial, and he does not dispute that the evidence is material. Van Gasken argues that Defendants had within their control evidence similar to the type of evidence that they now claim warrants the drastic remedy of vacating a judgment after a jury verdict, and yet they did not use that evidence during the trial. That evidence included an email from Van Gasken to Loren Gill requesting that Gill execute a document regarding a lease that listed Elm Leasing, LLC as the lessor and thus owner of the property. That lease included a signature line where Loren Gill signed the lease on behalf of Elm Leasing, LLC as "Member." Van Gasken Decl. Ex. P, Email from Dan Van Gasken to Loren Gill, Apr. 11, 2011, ECF No. 320-1 at 348, 355. These documents were obviously available to Loren Gill and could have been produced during the trial and used to impeach Van Gasken regarding his contention that he did not believe Loren Gill was the "owner" of Elm Leasing, LLC. The other emails were merely cumulative of this evidence. Defendants maintain that they were unaware that this email regarding the lease existed at the time of trial. But it is clear that it could have easily been discovered through due diligence. It was sent to Defendant

6

Loren Gill, and Defendants gave no reason why it could not have been discovered in his electronic database. Furthermore, the lease that listed Loren Gill as the "Member" of Elm Leasing, LLC related to the most valuable asset to which Elm Leasing held title. Certainly, Loren Gill had a copy of that lease.

The Court further finds that a new trial would probably not produce a new result even if Defendants were able to present the three emails that they contend Van Gaksen withheld. Defendants contend that the evidence would likely produce a new result because (1) the emails foreclose Van Gasken's argument that the transactions were unauthorized, and (2) the emails establish that Van Gasken's conversion claim is time-barred. The Court disagrees on both points. First, the emails do not prove that Van Gasken knew Loren Gill was the sole owner of Elm Leasing. Rather, they simply establish that he knew Loren Gill was a member of Elm Leasing, and Van Gasken explained that "member" does not mean "owner" under John Gill's business model. Van Gasken consistently took the position that he never believed Elm Leasing, LLC was the owner of the properties that were titled in the name of Elm Leasing, LLC because he knew that the trusts, and not Elm Leasing, LLC, provided the funds to purchase those properties. He never disputed that Loren Gill was a "member" of Elm Leasing, but he believed that to mean that Loren Gill simply acted as a manager for Elm Leasing and that Elm Leasing never

7

had legal title to the properties purchased with trust funds. Second, the emails do not establish that Van Gasken's conversion claim was time-barred. Van Gasken filed his conversion claim on November 12, 2012. The statute of limitations for conversion claims is four years. O.C.G.A. § 9-3-32. Thus, if the emails established that Van Gasken knew that Loren Gill was the sole owner of Elm Leasing before November 12, 2008, then they might produce a new result. But the emails only establish that Van Gasken knew in 2009 that Loren Gill was a member of Elm Leasing. For all of these reasons, the Court finds that Loren Gill and Elm Leasing are not entitled to relief under Rule 60(b)(2).

## II. Rule 60(b)(3) Analysis

Federal Rule of Civil Procedure 60(b)(3) states that the Court may relieve a party from a final judgment based on "fraud[,] . . . misrepresentation, or misconduct by an opposing party." "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *accord Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). "The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Rozier*, 573 F.2d at 1339; *accord Cox*, 478 F.3d at 1314. The conduct must also be

8

intentional, not merely an oversight. *See, e.g., Suite 225, Inc. v. Lantana Ins. Ltd.*, No. 14-14545, 2015 WL 5147718, at *5 (11th Cir. Sept. 2, 2015) (per curiam) (affirming grant of Rule 60(b)(3) motion where the plaintiff made intentional misrepresentations to the defendant and the court). "Although Rule 60(b)(3) applies to misconduct in withholding information called for by discovery[,] it does not require that the information withheld be of such nature as to alter the result in the case." *Rozier*, 573 F.2d at 1339 (citation omitted). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.*

For example, relief under Rule 60(b)(3) was warranted in *Rozier*, where the defendant intentionally withheld a trend cost estimate that was responsive to the plaintiff's interrogatories and relevant to the plaintiff's claims. *Id.* at 1341. And in *Suite 225*, relief under Rule 60(b)(3) was warranted because the plaintiff intentionally withheld documents that were unfavorable to his claim. *Suite 225*, 2015 WL 5147718, at *5. Here, however, the Court is not convinced that Defendants have established by clear and convincing evidence that Van Gasken engaged in intentional misconduct by deliberately withholding the three emails. There is no evidence that Van Gasken remembered sending or receiving the three emails and purposefully failed to produce them. Furthermore, Van Gasken

9

testified that he did not search his electronic records related to the ownership of Elm Leasing because the Court had already decided the issue. Indeed, by the time Van Gasken filed his claims and received the discovery requests in this action, the Court had concluded that Loren Gill was the sole owner of Elm Leasing. And by trial, the parties entered a stipulation on this point. For these reasons, a reasonable person in Van Gasken's position could conclude that there was no need to search his electronic records for evidence regarding the ownership of Elm Leasing. Having heard Van Gasken's explanation at the hearing on these motions, the Court cannot conclude that he intentionally withheld these emails for the purpose of gaining an advantage in this litigation. Defendants have simply failed to meet their burden of proving by clear and convincing evidence that Van Gasken engaged in intentional conduct that warrants relief under Rule 60(b)(3).[5]

---

[5] Defendants filed a motion for leave to file supplemental authority regarding the correct standard under Rule 60(b)(3). That motion (ECF No. 330) is granted, but it does not change the Court's conclusion. In their supplemental brief, Defendants pointed the Court to *Simoneaux v. E.I. du Pont de Nemours & Co.*, No. CIV.A. 12-219-SDD, 2015 WL 3905069 (M.D. La. June 25, 2015), which emphasized—as *Rozier* did—that relief under Rule 60(b)(3) does not require a showing that the outcome of the trial would have been different if newly discovered evidence had been produced during discovery. In *Simoneaux*, as in *Rozier*, the newly discovered evidence was called for in discovery but intentionally withheld by the defendant. *Simoneaux*, 2015 WL 3905069, at *4. In contrast, here, Defendants did not prove by clear and convincing evidence that Van Gasken engaged in intentional conduct that warrants relief under Rule 60(b)(3).

**CONCLUSION**

For the reasons set forth above, the Court denies Defendants' Motion to Vacate (ECF No. 317).  In light of the Court's denial of Defendants' motion to vacate, the Court finds Defendants' Motion for Sanctions (ECF No. 318) moot.

IT IS SO ORDERED, this 10th day of November, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
